J. H. McCarty v. The State.

No. 15675. Delivered November 23, 1932.

Reported in 54 S. W. (2d) 525.

The opinion states the case.

*Campbell & Murphy,* of Livingston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was fined ten dollars for taking fur-bearing animals in Polk county with traps; it being charged in the complaint and information that the offense was committed on the 10th of December, 1931.

Appellant admitted that he used steel traps to take a fox and a raccoon at the time charged, but contended that chapter 355, Acts of the 42nd Legislature (1931), Regular Session, under which the information was presented, had been repealed by chapter 264, Acts of the 42nd Legislature (1931), Regular Session, section 1.

Chapter 355, which became effective May 21st, 1931, amended section 2 of chapter 22, Acts of the Second Called Session of the 41st Legislature (1929), as amended by chapter 24, Acts of the Fifth Called Session of the 41st Legislature. Chapter 24, Acts of the Fifth Called Session of the 41st Legislature

(1930), amended in its entirety chapter 22, Acts of the Second Called Session of the 41st Legislature. Section 1 of chapter 22, as amended by chapter 24, section 1, provided:

"For the purposes of this Act the wild beaver, wild otter, wild mink, wild ringtail cat, wild badger, wild polecat or skunk, wild o'possum, wild raccoon, wild fox, and wild civet-cat, are hereby declared to be fur-bearing animals."

We quote section 2 of the act last mentioned as follows: "It shall be unlawful for any person at any time to take any of the fur-bearing animals of this State with a steel trap, snare, or deadfall or any other mechanical device other than a gun or pistol in any of the counties to which this Act applies.

"Provided, however, that this provision shall not apply to a trapper employed by the United States Government, the State of Texas, or by the Commissioners' Court of any of the counties mentioned herein, and that this provision shall not apply to trapping within the bounds of State Game Preserves that may be located in any of the counties herein mentioned when doing so is under the direction of the Game, Fish and Oyster Commissioner.

"Provided, however, that this Act shall apply only to the Counties of Panola, Shelby, Nacogdoches, Rusk, Cherokee, Angelina, San Augustine, Hardin, Harris, Harrison, Polk, San Jacinto, Trinity, Tyler, Liberty, Anderson, Sabine, Brazos, Madison, Grimes and Montgomery."

Section 3 provided a penalty of not less than ten nor more than two hundred dollars.

It has already been observed that chapter 355, under which appellant was convicted, related solely to section 2 of chapter 22, Acts 41st Leg. (1929), 2d Called Session, as amended by chapter 24, section 1; no effort being made to amend section 1 defining fur-bearing animals, or section 3, providing a penalty. Section 2 of chapter 22, as amended by chapter 24, section 1, as amended by chapter 355, reads as follows: "It shall be unlawful for any person at any time to take any fur-bearing animals of this State with a steel trap, snare, or deadfall or any other mechanical device other than a gun or pistol in any of the counties to which this Act applies.

"Provided, however, that this provision shall not apply to a trapper employed by the United States Government, the State of Texas, or by the Commissioners' Court of any of the counties mentioned herein, and that this provision shall not apply to trapping within the bounds of the State Game Preserves that

may be located in any of the counties herein mentioned when doing so is under the direction of the Game, Fish and Oyster Commissioner.

"Provided, however, that this Act shall apply only to the Counties of Panola, Shelby, Nacogdoches, Rusk, Cherokee, Angelina, San Augustine, Hardin Harris, Harrison, Polk, San Jacinto, Trinity, Liberty, Anderson, Sabine, Brazos, Burleson, Washington, Madison, Grimes and Montgomery."

Bearing in mind that chapter 355, under which appellant was convicted, embraces no section affixing a penalty, but is dependent upon section 3, chapter 24, Acts of the Fifth Called Session of the 41st Legislature, which provides for a penalty of not less than ten nor more than two hundred dollars, we look to the provisions of chapter 264, Acts of 42nd Legislature, Regular Session, to determine whether we ought to sustain appellant's contention that chapter 355 has been repealed. It has been observed that chapter 264 and chapter 355 were enacted at the same session of the Legislature, and that chapter 355 became effective May 21st, 1931. It is noted that chapter 264 became effective approximately three months after the effective date of chapter 355; that is, ninety days after adjournment, the Legislature adjourning May 23rd, 1931. Chapter 264 expressly repealed in its entirety chapter 24, Acts of the Fifth Called Session of the 41st Legislature, but made no mention of chapter 355, Acts of the 42nd Legislature, Regular Session, under which appellant was convicted. The effect of the repeal of chapter 24, upon which chapter 355 was dependent for a penalty for a violation of its provisions, was to place chapter 355 in a condition in which an act was denounced as unlawful, but no penalty affixed. Unless the repealing act (chapter 264) provides a penalty for the act denounced in chapter 355, a reversal must be ordered. We quote article 3, Penal Code, as follows:

"In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State."

There is nothing in the repealing act (chapter 264), denouncing the act appellant is alleged to have committed. We quote section 2 of chapter 264, as follows:

"It shall be unlawful to take the pelts of any of the fur-

bearing animals of this State at any time other than the open season provided therefor. The open season for taking the pelts of wild beaver, for that portion of the State of Texas lying west of the Pecos River, shall be during the month of January of each year. It shall be unlawful to take the pelts of wild beaver in any other portion of this State or to take the pelts of wild otter in any portion of this State within a period of ten (10) years following the passage of this Act. Provided that it shall be unlawful to trap any fur-bearing animal in Angelina County during any month of the year, but it shall be lawful to sell the pelts and furs of fur-bearing animals in said county during December and January."

Section 4 of chapter 264, provides a penalty of not less than ten nor more than one hundred dollars for a violation of its provisions. Other sections except from the provisions of the act certain named counties; Polk county not being among the excepted counties.

As we have observed, appellant was charged with using a steel trap in Polk county in the month of December, 1931, to take a fox and a raccoon. Manifestly chapter 264 permits the taking of the pelts of fox and raccoon in Polk county during the open season. Nothing in said act denounces the use of traps during the open season. Under the provisions of chapter 45, section 1A, p. 185, Acts of the Fifth Called Session of the 41st Legislature, the open season for taking fox and raccoon in Polk county is December and January of each year. Chapter 45 also provides, section 2, that under certain conditions a trapper's license is required. However, the provisions relating to a license are not pertinent; a violation thereof not being charged in the present case.

From what we have said, it follows that we must sustain appellant's contention that chapter 355, Acts 42nd Legislature, Regular Session, under which the conviction was had, was repealed by chapter 264, Acts 42nd Legislature, Regular Session, which took effect prior to December, 1931, the month in which appellant took the fox and raccoon in Polk county with steel traps. It is observed, however, that chapter 7, section 2, Acts of the Third Called Session of the 42nd Legislature, 1932, provides that it shall be unlawful for "any person to kill, take or have in his possession for barter or sale, after the passage of this act, any wild beaver, wild otter, wild fox, or the pelts thereof." The act is made applicable to Polk and other named counties. A

penalty for a violation of the provisions of the act is affixed. This act became effective September 10, 1932, which was long after appellant's conviction. Hence a discussion of its provisions would serve no good purpose.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.